IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

  *Plaintiff*,

v.                 Civ. No. 19-121

$33,765.00 IN UNITED STATES CURRENCY,

  *Defendant-in-rem.*

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act and 18 U.S.C. § 1952 that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

**DEFENDANT *IN REM***

2. The defendant *in rem* consists of the following:

i. Thirty Three thousand Seven Hundred Sixty-Five ($33,765.00) in United States Currency,
 (hereafter referred to as "Defendant Currency").

3. The Defendant Currency was seized by the Department of Homeland Security, U.S. Customs and Border Protection on November 4, 2018, in the District of New Mexico.

4. The Defendant Currency is now, and during the pendency of this action will be, in the jurisdiction of this Court.

5. **JURISDICTION AND VENUE**

6. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

7. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Currency will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

**FACTS**

8. On October 4, 2018, at approximately 10:50pm, Border Patrol Agent (BPA) Armando Vela stopped a black Toyota Camry during his inspectional duties at the I-10 checkpoint. The driver, Riyan Eugene Higney, declared that he was a U.S. Citizen. BPA Vela noted that Higney was nervously twirling his hands and stuttering during his questioning. Higney said he had attended a friend's bachelor party in San Antonio and he was driving to Barstow, California. BPA Vela requested and received consent to search the trunk of the Camry. BPA Vela immediately smelled a strong scent of marijuana emitting from the vehicle. In the trunk were two large empty duffle bags.

9. BPA Vela requested and received consent from Higney to perform a canine sniff of the vehicle. Both vehicle and driver were motioned to park in the secondary inspection area. BPA Vela conducted a systematic canine inspection of the vehicle with a trained and certified concealed human/narcotics detection canine "Rude." Rude alerted positively to the vehicle for

the odor of illegal controlled substance. BPA Vela informed Higney. Higney stated that he smoked marijuana and had a cannabis card.

10. BPA Vela asked if there was any drugs in the vehicle. Higney responded that there were not.

11. BPA Vela asked Higney if he had a large amount of money in the vehicle or on his person. Higney stated that he had about thirty to forty thousand dollars in a duffle bag in the back seat. The duffle bag contained U.S. currency that was rubber banded and vacuum sealed in plastic cellophane. Currency involved in drug trafficking is commonly packaged in this manner. The duffle bag also contained marijuana residue.

12. Higney was verbally advised of his *Miranda rights.* Higney stated that he understood his rights. Higney was asked how he obtained the money. Higney stated he had delivered approximately three pounds of marijuana to a client in California in this vehicle in the duffle bags that were now empty. Higney stated that he had lied about the bachelor party in San Antonio, Texas.

13. Higney admitted that he had been unemployed for several years.

14. A trained and certified drug detection canine was deployed on the currency. The canine alerted postively for the odor of illegal controlled substance on the currency.

### FIRST CLAIM FOR RELIEF

15. The United States incorporates by reference the allegations in paragraphs 1 through 14 as though fully set forth.

16. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of

this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

17. Defendant Currency was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

18. The United States incorporates by reference the allegations in paragraphs 1 through 14 as though fully set forth.

19. Title 18, United States Code, Section 1952 prohibits interstate and foreign travel or transportation with the intent to (1) distribute the proceeds of any unlawful activity; (2) commit any crime of violence to further any unlawful activity; or (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity. Unlawful activity is defined in 18 U.S.C. § 1952(b).

20. Defendant Currency is the proceeds of a violation of 18 U.S.C. § 1952 or is the proceeds traceable to such property and, is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ S.R.K.*

STEPHEN R. KOTZ
KRISTOPHER DALE JARVIS
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Department of Homeland Security, U.S. Customs and Border Protection who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 2/12/2019

_____
Armando Vela, Border Patrol Agent
Department of Homeland Security, U.S. Customs
and Border Protection

JS 44 (Rev. 12/12) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
$33,765.00 IN UNITED STATES CURRENCY

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [X] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | [ ] 362 Personal Injury – Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | **IMMIGRATION** | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | / **Other:** | [ ] 465 Other Immigration Actions | | |
| | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | | | |
| | / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 1956 , 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 1957 , 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 1960 , 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 1952 and 21 U.S.C. § 881(a)(6)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 2/13/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**